Sydney E. Smith,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Case: 1:17–cv–00889　　　　　(F-Deck)
　　　　　v.　　　　　　　　　　　　)　　Assigned To : Unassigned
　　　　　　　　　　　　　　　　　)　　Assign. Date : 5/12/2017
　　　　　　　　　　　　　　　　　)　　Description: Pro Se Gen. Civil　　Jury Demand
United States Department of Justice,　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a District of Columbia prisoner who is currently incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania. In the instant complaint brought under 42 U.S.C. § 1983, plaintiff alleges that the U.S. Department of Justice violated his constitutional rights during post-conviction proceedings in the Superior Court of the District of Columbia. According to plaintiff, the alleged violations "cast significant doubt on the fairness of [his] initial D.C. Code [§] 23-110 proceeding and more importantly, call into question the reliability of the Court's decision." Compl. ¶ 4. Among other relief, plaintiff wants this Court to issue an order stating that it "will grant the 42 U.S.C. [§] 1983 unless the State grant a New D.C. Code [§] 23-110 proceeding within a specific time." *Id.* ¶ 12(d).

Federal district courts, such as this, lack jurisdiction to review the decisions of other courts, including those of the D.C. Superior Court. *See United States v. Choi*, 818 F. Supp. 2d

79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

This Court cannot exercise appellate jurisdiction over the challenged proceedings. Plaintiff's recourse lies, if at all, in an appeal to the District of Columbia Court of Appeals. Consequently, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: May **10**, 2017

United States District Judge